CORRY, Respondent, vs. BROWN and others, Appellants.

*January 11—January 30, 1906.*

*Joinder of causes of action: Statutes.*

Sec. 1199, Stats. 1898, prescribing the elements of a complaint in an action to bar former owners of lands on which the plaintiff holds tax deeds, concludes, "And if such plaintiff have more than one such deed upon any parcel of land mentioned in such complaint, upon which he might bring such action, he shall set forth in such complaint a copy of each such deed, but as a separate cause of action." *Held,* that such section constitutes an exception to the requirements of sec. 2647, providing that each of several causes of action, in order to be united, must affect all the parties to the action.

APPEAL from an order of the circuit court for Ashland county: JOHN K. PARISH, Circuit Judge. *Affirmed.*

Appeal from order overruling a demurrer on the ground that several causes of action are improperly united. The complaint is bought under sec. 1197, Stats. 1898, to bar former owners of land to which plaintiff holds tax deeds dated July 28, 1894, and sets forth two causes of action: The first upon lot No. 3 of section 30, to which *A. H. Brown* and *Clara A. Brown* are the only persons named as adverse claimants. The second cause of action is upon a tax deed of the same date as the former, but for the next year's taxes, and covers lot 3 of section 30 aforesaid, and also part of lot 3 in section 20 of the same town and range. All the defendants, including said *Brown,* are alleged to be claimants of interests in said lands in section 20.

The cause was submitted for the appellants on the brief of *Tomkins, Tomkins & Garvin,* and for the respondent on that of *Sanborn, Lamoreux & Pray.*

DODGE, J.   Sec. 1199, Stats. 1898, prescribing the elements of a complaint in such an action as this, concludes with the following:

"And if such plaintiff have more than one such deed upon any parcel of land mentioned in such complaint, upon which he might bring such action, he shall set forth in such complaint a copy of each such deed, but as a separate cause of action."

This statute seems not only to permit but to require that all tax deeds held by the same owner upon any land in which he seeks to bar original owners shall be included in his complaint and made separate causes of action.   This, doubtless, to the end that the court may have before it in the one litigation all tax-title rights which he claims against the specified land, so as to avoid the necessity of several lawsuits to accomplish the same ultimate result, namely, the establishment of good title in plaintiff against all former owners and their assigns.  · It is obvious that, when several parcels of land are included in one deed, they may, and in ordinary cases will, be owned by different persons, all of whom are manifestly authorized to be joined as parties defendant, although they may not all be interested alike in the relief demanded.   The addition as a separate cause of action of the so-called foreclosure of another tax deed against any one of such parcels of land involves no additional parties, for all the owners of such parcel are necessarily made defendants in the first instance. Hence, to accomplish a very legitimate purpose, the legislature has authorized, in the case of perfecting tax titles by these proceedings to bar former owners, an exception to the requirement of sec. 2647, Stats. 1898, that each of several causes of action, in order to be united, must affect all the parties to the action.   We have noticed the statement of the revisers of 1878 that sec. 1199, R. S. 1878, wherein the above-quoted clause appears for the first time, is only a rewriting

,of the pre-existing statute law. Such statement cannot, how-ever, refute the fact that the provision in question was abso-lutely new and had nothing in former statutes as a prototype or equivalent. The words enacted by the legislature are too ,clear and unambiguous to be open to construction or to per-,mit their nullification by reference even to the revisers' notes. Appellant relies upon *Turner v. Duchman,* 23 Wis. 500; but that case was decided before the above-quoted clause was added to sec. 1199, Stats. 1898, and therefore before there was any exception to the requirement of sec. 2647, Stats. 1898, that each cause of action must affect all the parties. The rule of that case has been changed by the adoption of sec. 1199, R. S. 1878. The present complaint is authorized by .such change, and the demurrer was properly overruled.

*By the Court.*—Order affirmed.